UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

In re:
**Judy Waldron**,

Soc. Sec. No. xxx-xx-6146
Mailing Address: 502 Gaither Ashley Road, ,
Timberlake, NC 27583-

Bankruptcy Case No.: 10-80868

Debtor.

**Judy Waldron**,

Plaintiff,   A.P. No.:_____

**American General Finance,**

Defendant.

## COMPLAINT OBJECTING TO CLAIM
## AND TO DETERMINE VALIDITY OF LIEN

The Plaintiff, above-named, respectfully alleges as follows:

1. That this matter is a core proceeding pursuant to 28 U.S.C. § 157, and that the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157 and 1334.

2. This Complaint was filed, pursuant to 11 U.S.C. 506(d), and in accordance with Bankruptcy Rule 7001, for the purpose of determining the validity of the lien held by American General Finance.

3. The Plaintiff is filed this bankruptcy case on June 30, 2009, seeking protection under Chapter 13 of Title 11 of the United States Code.

4. The Defendant American General Finance is, upon information and belief, a corporation with an office and principal place of business located, as indicated on its Proof of Claim, at 805 N. Madison Boulevard, Roxboro, NC 27573

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 506.

6. The Plaintiff owns real property located 502 Gaither Ashley Road, Timberlake NC 27573.

7. The fair market value of the said property is not greater than $28,045.00

8. That pursuant to 11 U.S.C. § 501 (a), on or about June 28, 2010, the Defendant filed a Proof of Claim in the Plaintiff's bankruptcy case.

9. In the Proof of Claim the Defendants assert that it holds security interest in such property with a payoff balance, as of the date this case was filed in the amount of approximately $35,354.30

10. That the Proof of Claim was not in compliance with the requirement of Bankruptcy Rule 3001(d), "accompanied by evidence that the security interest has been perfected,"
    A. As the Deed of Trust does not contain a valid legal description of the Real property.

11. That as a result of this failure to attach evidence that the security interest has been perfected, the Proof of Claim should not be an allowed secured claim.

12. Pursuant to 11 U.S.C. 506 (d) such claim is not being disallowed:
    A. Pursuant to 11 U.S.C. § 502(b)(5), which relates to debts that are unmatured on the date of filing and are excepted from discharge under 11 U.S.C. § 523(a)(5);
    B. Pursuant to 11 U.S.C. § 502(e), which relates to claims for reimbursement or contribution of an entity that is liable with the debtor or has secured the claim of a creditor; nor
    C. Due only to the failure of any entity to file a Proof of Claim under 11 U.S.C. § 501.

13. In turn, pursuant to 11 U.S.C. 506(d), the lien securing said loan is void.

**WHEREFORE**, the Plaintiff prays the Court find that said claim held by American General Finance, which is secured by a lien upon said property, to be void, and that said claim should therefore be classified an unsecured claim for the purpose of this Chapter 13 case. The Plaintiff further prays that the Court order American General Finance to cancel the said lien forthwith. The Plaintiff additionally prays that the attorney for the Plaintiff be awarded attorneys fees to be paid from the assets of the estate pursuant to 11 U.S.C. § 330(a)(4)(B) and that the Court grant such other and further relief as to the Court seems just and proper.

Dated: August 10, 2010

**The Law Offices of Orcutt, Bledsoe & Boltz**

/s Edward Boltz
Edward Boltz
Attorney for the Plaintiff
North Carolina State Bar No.: 23003
1738-D Hillandale Rd.
Durham NC 27705
(919) 286-1695